IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR G.R.,<br><br>                    Petitioner,<br><br>        vs.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>                    Respondents. | Civil No. 1:26-cv-04231-MWJS<br><br>ORDER GRANTING RESPONDENTS'<br>MOTION TO DISMISS AND<br>DISMISSING THE PETITION FOR WRIT<br>OF HABEAS CORPUS WITHOUT<br>PREJUDICE<br><br>A# 222-553-320 |

**INTRODUCTION**

Petitioner Cesar G.R.[1] is detained at the California City Detention Facility

("CCDF") pending the resolution of his removal proceedings.  Proceeding without

counsel, he seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that his

continued detention without a bond hearing violates the Due Process Clause of the Fifth

Amendment, and he asks the court to order his release or, in the alternative, to order

that a bond hearing be held.  Dkt. No. 1.  Respondents move to dismiss, contending that

Petitioner is detained under 8 U.S.C. § 1226(a); that he is therefore free to request a

custody redetermination from an immigration judge; and that, because he has not done

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*,
No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only
Petitioner's first name and the initials of his last name are used in this order.

so, he has not exhausted his available administrative remedies.  Dkt. No. 7.  For the reasons that follow, the court agrees that Petitioner's claim is, at this juncture, premature, and grants Respondents' motion to dismiss the petition without prejudice.

## BACKGROUND

Petitioner was admitted to the United States at the Brownsville, Texas, port of entry on or about August 14, 2022, as a nonimmigrant visitor for pleasure, with authorization to remain through October 10, 2022.  Dkt. No. 7, at pg. 2.  He remained in the United States beyond that date without authorization.  *Id*.

On April 28, 2026, Petitioner was arrested by local law enforcement in Charlotte County, Florida, for driving without a valid license.  Dkt. No. 7, at pgs. 2, 15-17.  Immigration and Customs Enforcement (ICE) lodged a detainer against him while he was in local custody, and the next day, he was transferred into ICE custody.  *Id*.  ICE served Petitioner with a Notice to Appear charging him with removability under INA § 237(a)(1)(B) for remaining in the United States longer than permitted.  Dkt. No. 7, at pgs. 2, 11-13.  Petitioner was thereafter taken to CCDF, where he remains in custody.  Dkt. No. 1, at pgs. 5–6.

Petitioner filed the instant habeas petition, seeking release, or in the alternative, a bond hearing.  Dkt. No. 1.  And the court granted Petitioner leave to proceed in forma pauperis and ordered Respondents to show cause why the petition should not be granted.  Dkt. No. 6.  In response, Respondents filed the pending motion to dismiss,

Dkt. No. 7.  Respondents represent that Petitioner is detained pursuant to Section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a).  Dkt. No. 7, at pgs. 2, 6.  He is not subject to a final order of removal, and Respondents do not contend that he is subject to mandatory detention under 8 U.S.C. § 1226(c).  *Id.* at pg. 1.

Petitioner's removal proceedings remain ongoing.  His next hearing—a master calendar hearing before the immigration court—is scheduled for July 1, 2026.  Dkt. No. 7, at pgs. 2, 18-21.  There is no indication in the record that Petitioner has requested a custody redetermination, whether from ICE or from an immigration judge.  Dkt. No. 7, at pgs. 2, 5.  The matter is now fully briefed, as Petitioner has not opposed the motion to dismiss, and neither party has requested oral argument.

## DISCUSSION

"It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  The statute under which a noncitizen is detained, however, determines what process is due and what avenues for relief are available, at least in the first instance.  Here, the parties agree on the answer to that threshold question:  Petitioner is detained under 8 U.S.C. § 1226(a).  Dkt. No. 7, at pgs. 2, 6.  Under the particular circumstances of this case, that agreement is dispositive.

### A.        Petitioner Is Detained Under § 1226(a)

Section 1226 governs the detention of noncitizens pending a decision on whether

they are to be removed from the United States.  Its subsection (a) sets out the default

rule:  the Attorney General may issue a warrant for the arrest and detention of a

noncitizen "pending a decision on whether the [noncitizen] is to be removed from the

United States," and, "[e]xcept as provided in subsection (c)," may release that

noncitizen on "bond" or "conditional parole."  8 U.S.C. § 1226(a); *see Escobedo Martinez*

*v. Knight*, No. 1:26-cv-03719-DAD-SCR, slip op. (E.D. Cal. June 9, 2026).  Subsection (c),

which mandates detention without the possibility of a bond hearing for certain

noncitizens convicted of specified offenses, does not apply here; Respondents do not

contend otherwise.  Dkt. No. 7, at pg. 1.

Because Petitioner is detained under § 1226(a), the statute and its implementing

regulations afford him a ready administrative path to the very relief he seeks.  A

noncitizen detained under § 1226(a) may request a custody redetermination—that is, a

bond hearing—before an immigration judge at any time before a final order of removal

is entered.  *See* 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

(explaining that § 1226(a) detainees "receive bond hearings at the outset of detention").

At such a hearing, the immigration judge has discretion to continue detention or to

release the noncitizen on bond or conditional parole.  8 U.S.C. § 1226(a); *In re Guerra*, 24

I. & N. Dec. 37, 39–40 (BIA 2006).  And when a noncitizen is held under § 1226(a), as

Respondents concede is the case here, courts in this circuit and elsewhere have recognized that the noncitizen is entitled to such a hearing.  *See, e.g., Guadalupe Escobedo Martinez (A# XXX-XX9-494), Petitioner, v. Jason Knight, et al., Respondents.*, No. 1:26-CV-03719 DAD SCR, 2026 WL 1662714 (E.D. Cal. June 9, 2026); *Bammi v. Hyde*, No. 26-11594-FDS, 2026 WL 1020633 (D. Mass. Apr. 15, 2026); *Alshaher v. Mullin*, No. 26-cv-02402-BAS-VET, 2026 WL 1303160 (S.D. Cal. May 12, 2026).

This availability of relief resolves the proposition on which the petition rests. Petitioner contends that "[t]he Immigration Court lacks jurisdiction and authority to provide Petitioner with a bond hearing," and that "[t]here is no statutory or regulatory pathway for Petitioner to seek a bond hearing before a neutral decisionmaker."  Dkt. No. 1, at pg. 5.  On the record before the court, and on Respondents' own concession that Petitioner is detained under § 1226(a), that premise does not hold.[2]  The pathway Petitioner says does not exist is the one the statute and regulations provide, and the one Petitioner may yet use.

---

[2]    Nor does the basis for Petitioner's removability—that he remained in the United States beyond the period authorized by his nonimmigrant visa—change the analysis. Respondents do not contend that the visa overstay is a circumstance that strips a § 1226(a) detainee of the process the statute affords.  To the contrary, Respondents' position mirrors recent decisions addressing the question treat the overstay detainee as the paradigmatic § 1226(a) detainee who is bond eligible.  *See Escobedo Martinez*, 2026 WL 1662714, at *1–*2; *Bammi*, 2026 WL 1020633, at *2; *Alshaher*, 2026 WL 1303160, at *1.

**B.    Petitioner's Habeas Claim is Premature**

Before a district court may reach the merits of a habeas petition challenging immigration detention, it must consider whether the petitioner has exhausted available administrative remedies.  *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzalez*, 548 U.S. 20 (2006).  When a petitioner has failed to do so, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).

The exhaustion requirement in this context is prudential rather than jurisdictional.  *Id*.  Its application is guided by the three considerations identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007):  (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  *Hernandez*, 872 F.3d at 988 (discussing *Puga*).  All three considerations point the same way here.

Here, Petitioner has not requested a bond hearing at all.  The administrative process he asks this court to supply has not yet been invoked, let alone exhausted.  In these circumstances, agency expertise is necessary to generate a record in the first

instance:  the immigration judge is the decisionmaker Congress designated to weigh

Petitioner's danger and flight risk and to set bond accordingly.  Permitting Petitioner to

obtain release or a court-ordered bond hearing without first asking the immigration

judge for one would allow him to bypass the administrative scheme entirely, and

would invite other detainees to do the same.  And administrative review is not merely

likely but well suited to afford Petitioner the relief he seeks:  if the immigration judge

grants bond, this Petition will, in effect, be resolved; if bond is denied, a developed

record will exist to inform any review that follows.  *See Puga*, 488 F.3d at 815; *Leonardo*,

646 F.3d at 1160.[3]

Petitioner's remaining allegations do not call for a different result.  To the extent

Petitioner challenges the conditions of his confinement—including the adequacy of his

medical care and diet, see Dkt. No. 1, at pg. 6—such claims are not cognizable in a

habeas proceeding and must instead be raised, if at all, in a civil rights action.  *See*

*Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *Brown v. Blanckensee*, 857 F. App'x 289,

290 (9th Cir. 2021).  Because the remedy for such claims is not release, they do not bear

on the disposition of the petition before the court.

---

[3]     Even when the *Puga* factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void.  *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  Here, because petitioner has not opposed the motion to dismiss, he has not advanced any grounds for waiver.  And in its own independent review, the court has not determined that waiver is appropriate.

Accordingly, because Petitioner is detained under § 1226(a), may request a bond hearing before an immigration judge, and has not yet done so, his habeas claim is premature, and Respondents' motion to dismiss must be granted.  The dismissal is without prejudice to a future habeas petition once Petitioner's claim has been exhausted.  And the court's dismissal of this petition is, of course, without prejudice to Petitioner pursuing his conditions-of-confinement claims in an appropriate civil rights proceeding.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Respondents' motion to dismiss, Dkt. No. 7, is GRANTED, and the petition for writ of habeas corpus, Dkt. No. 1, is DISMISSED without prejudice.  Petitioner's Motion to Appoint Counsel, Dkt. No. 3, is DENIED as moot.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  June 18, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04231-MWJS; *G.R. v. Warden, California City Detention Facility et al.*; ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE